UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF JAMES RIVETT,
by its personal representative, Peter Angilello,

    Plaintiff,

 v.

WAUKESHA COUNTY, et al.,

    Defendants.

Case No. 21-cv-0972-bhl

## ORDER DENYING SUMMARY JUDGMENT

  The Estate of James Rivett, by its personal representative Peter Angilello, brings this civil action under 42 U.S.C. Section 1983 and asserts claims for violations of the Fourteenth Amendment against Defendants Waukesha County Mental Health facility, WCMH employee Kevin Reilly, and WCMH employee Bregitta Peavy. The complaint alleges that Defendants acted with deliberate indifference toward Rivett's serious medical condition, but at summary judgment, the only question is whether the Estate filed this lawsuit before the statute of limitations expired. Because the Court finds that it did, summary judgment will be denied.

### FACTUAL BACKGROUND

  On August 16, 2018, James Rivett was involuntarily committed to the Waukesha County Mental Health facility. (ECF No. 1 at 3.) He committed suicide there on August 23, 2018. (ECF No. 23 at ¶3.) On October 17, 2018, his Estate was opened in Brown County, case number 18-PR-362. (*Id.* at ¶4.) On October 18, 2018, Peter Angilello was appointed the Estate's personal representative. (*Id.* at ¶5.) On June 4, 2020, Angilello filed the Personal Representative's Statement to Close Estate. (*Id.* at ¶6.) No proceedings challenging Angilello's statement or otherwise involving him as personal representative were pending within six months of June 4, 2020, so the Estate was closed and Angilello was terminated as personal representative effective December 4, 2020. (*Id.* at ¶8.)

The present suit was filed on August 17, 2021, naming as Plaintiff "the Estate of James Rivett, by its Personal Representative Peter Angilello." (*Id.* at ¶9.) On September 16, 2021, Defendants asserted in their answer that the Estate was closed and Angilello was no longer the personal representative. (*Id.* at ¶11.) Angilello then petitioned the probate court in Brown County to rescind the closing and reinstate him as the personal representative. (*Id.* at ¶12.) The court did so on October 12, 2021. (*Id.*)

## SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate where the admissible evidence reveals no genuine issue of any material fact." *Sweatt v. Union Pac. R. Co.*, 796 F.3d 701, 707 (7th Cir. 2015) (citing Fed. R. Civ. P. 56(c)). Material facts are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of "material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the parties assert different views of the facts, the Court must view the record in the light most favorable to the nonmoving party. *E.E.O.C. v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000).

## ANALYSIS

The only issue raised at summary judgment is whether the statute of limitations bars Plaintiff's claims. Because the applicable limitations are no obstacle to those claims, Defendants' motion will be denied.

**I. Plaintiff's Powers as Personal Representative Relate Back to the Filing of the Present Lawsuit.**

Plaintiff's claims are brought pursuant to 42 U.S.C. Section 1983. (*See* ECF No. 1 at 1.) That provision lacks a statute of limitations, so, under 42 U.S.C. Section 1988, the Court must borrow a limitations period from state law. *See Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). In Wisconsin, this means the action must be filed within three years of the accrual date. *See* Wis. Stat. §893.53; *see also D'Acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895 (E.D. Wis. Oct. 8, 2020) (applying the Section 893.53 limitations bar to a Section 1983 claim).

Unlike the limitations period, the accrual date of a cause of action "is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). In general, Section 1983 claims accrue on "the date that the plaintiff knew or should have known that his constitutional rights had been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006) (citing *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004)). When the

plaintiff alleges deliberate indifference to a serious medical condition, that date is the last date on which the defendants denied treatment. *See Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). In this case, that means August 23, 2018, the day Rivett died. Accordingly, any 1983 claim arising from Defendants' alleged deliberate indifference needed to be filed on or before August 23, 2021. None of this is disputed.

The parties' disagreement on summary judgment concerns Plaintiff's capacity to bring suit at the time the complaint was filed. Plaintiff commenced this suit on August 17, 2021, six days before the limitations period expired. (ECF No. 1 at 7.) Despite the name on the complaint, however, at that time of its filing, there was no "Estate of James Rivett," nor was Peter Angilello that Estate's personal representative. (ECF No. 23 at ¶11.) While Wisconsin law allows a personal representative to bring a 1983 claim on a decedent's behalf, *see* Wis. Stat. §895.01(1)(bm); Wis. Stat. §895.04(1), that is not what occurred here; Angilello was not a personal representative when he filed suit. He regained that title, but not until October 12, 2021, after petitioning the Brown County probate court to reopen the estate and reinstate him as personal representative. (ECF No. 23 at ¶12.) Defendants point out that this was almost two months after the statute of limitations expired. The dispositive question then is whether Angilello's powers as personal representative relate back in time to the date the present suit was filed. On this matter, Wisconsin law appears to be in tension.

Defendants argue that a plaintiff's appointment as a personal representative after the statute of limitations has run cannot salvage a claim that the plaintiff filed when he did not yet have standing to sue on the estate's behalf. They rely mainly on *Schilling v. Chicago, N.S. & M.R. Co.*, 13 N.W.2d 594 (Wis. 1944). Confronting facts similar to those currently before the Court, the Supreme Court of Wisconsin held that subsequent appointment as a personal representative could "not revert to the date of the commencement of the original action and thus revive a cause which has been extinguished by law." *Id*. at 597.

The holding in *Schilling* appears to have been abrogated by the Wisconsin legislature, however, when it enacted Wis. Stat. Section 865.09(2)[1]:

> The duties and powers of a personal representative appointed under this chapter commence upon the personal representative's appointment. The personal

---

[1] Chapter 865 of the Wisconsin Probate Code applies to "informal administration." This is the mechanism through which Angilello became the personal representative of Rivett's Estate. (*See* ECF No. 19-1 at 2, 4.) Section 865.09(2) therefore determines the circumstances in which Angilello's powers may relate back to actions taken prior to appointment.

representative's powers relate back in time to acts by the personal representative prior to appointment which are beneficial to the estate.

The Wisconsin Supreme Court decided *Schilling* in 1944, about 30 years before Section 865.09(2) was enacted. Assemb. B. 225, 1973 Leg. (Wis. 1973). As a general rule, when the two are incompatible, legislative action trumps prior court decisions. *See Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 661 (2007) ("the ball is in Congress' court") (Ginsburg, J., dissenting).

Defendants ask the Court to dispense with this traditional understanding of constitutional democracy and instead treat *Schilling* as the definitive statement on relation back. In support, they cite three cases decided after 1973 wherein courts held that *Schilling* remains good law. But none of these cases establishes that *Schilling* trumps the plain wording of Section 865.09(2). Two of the decisions do not reference Section 865.09(2) at all. In *Estate of Ertl ex rel. Ertl v. Waukesha Memorial Hosp.*, 2013 WI App 84 (unpublished), the court held that although "*Schilling* was decided nearly thirty-two years prior to the effective date of the current Wisconsin Civil Procedure Code, it appears to remain good law and has not been abrogated by the statutes that the Estate cites." *Id.* at ¶11. The qualifiers: "*appears to* remain good law" and "has not been abrogated by the statutes *that the Estate cites*," bely any conclusive ratification of *Schilling*'s holding. Indeed, the *Ertl* court addressed only Wis. Stat. Sections 802.09(3) and 803.01(1), not Section 865.09(2). *See Ertl*, 2013 WI App 84 at ¶8. A more recent Wisconsin Court of Appeals decision, *Davis v. Seifert*, also treats *Schilling* as good law. *See Davis v. Seifert*, No. 2014AP810, 2014 WL 12670833 (Wis. Ct. App. Nov. 12, 2014) ("Applying *Schilling* to the case at hand, we conclude that the circuit court properly dismissed the Estate's claims on summary judgment because [the plaintiff] did not create the capacity to sue on behalf of the Estate until after the statute of limitations expired."). But as with *Ertl*, the *Davis* court did not even mention Section 865.09(2). That is not true of Defendants' third case, *Heckel v. 3M Co.*, No. 13-cv-459-wmc, 2015 WL 3485082 (W.D. Wis. June 2, 2015). There, the court identified Section 865.09(2), but nevertheless referred to *Schilling* as "good law, at least absent some specific statutory provision which provides for relation back for statute of limitation purposes." *Id.* at *3. Of course, Section 865.09(2) is a specific statutory provision which provides for relation back of a personal representative's appointment for statute of limitation purposes. The *Heckel* court had no occasion to consider this, though, because the statute of limitations was not at issue in that case; the deceased's claim had accrued only one year prior. *Id.* So nothing in *Ertl*, *Davis*, or *Heckel* persuades the Court to privilege *Schilling* over subsequent legislative action. The Court is, however, bound by Seventh

Circuit precedent. In *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895 (7th Cir. 1997), the Seventh Circuit held that Wis. Stat. Section 865.09(2) permitted a plaintiff to relate her claims back to her lawsuit's original filing date. *Id.* at 898-99. While that case did not involve a statute of limitations question, it does represent a binding interpretation of Section 865.09(2).

Still Defendants protest that "a statute does not abrogate a rule of common law unless the abrogation is clearly expressed and leaves no doubt of the legislature's intent." *Fuchsgruber v. Custom Accessories, Inc.*, 628 N.W.2d 833, 841 (Wis. 2001). A flaw in this argument is that the issue at hand is statutory and not a matter of Wisconsin common law. In *Fuchsgruber*, the Court refused to apply Wisconsin's comparative negligence statute to strict product liability actions absent clear legislative intent to abrogate the well-worn common law understanding that strict liability is not negligence. *Id.* But the wrongful death actions in *Schilling* were brought pursuant to statutes, and statutory interpretation animated the *Schilling* Court's holding. *Schilling*, 13 N.W.2d at 596 ("the action is purely statutory and can only be maintained on the terms and conditions and under the circumstances specified in the statute"). And the powers afforded a personal representative informally administrating an estate are a function of Wisconsin statute, not common law. In any case, the Wisconsin legislature did not hide its intent in enacting Chapter 865 of the Wisconsin Statutes. It was responding to a petition demanding probate reform and signed by over 300,000 voters. Patrick L. Willis, *Informal Administration of Decedents' Estates in Wisconsin*, 1974 WIS. L. REV. 581, 581 (1974). Section 865.09(2) (and all of Chapter 865 for that matter), therefore, was passed for the express purpose of satisfying the appetite of a constituency hungry for a change in state probate law as interpreted by cases like *Schilling*. This Court's job is not to pass judgment on the wisdom of that legislation, but rather apply it, regardless of Defendants' preferences.

All that is left is to consider whether Angilello's filing of this lawsuit was an act beneficial to Rivett's Estate. It was. The complaint seeks "[j]udgment in an amount sufficient to compensate Rivett for his injuries and losses." (ECF No. 1 at 7.) While Rivett himself can obviously receive no compensation, Wisconsin law permits his estate to recover damages for loss of life. *See Bell v. City of Milwaukee*, 746 F.2d 1205, 1240 (7th Cir. 1984), overruled on other grounds by *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005). Such recovery would naturally benefit the Estate. Thus, the commencement of this lawsuit was an act beneficial to Rivett's Estate, so Angilello's powers as

personal administrator relate back to the date of filing under Section 865.09(2). Because that date was prior to the statute of limitations deadline, there is no bar to the instant claims.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 (ECF No. 16) is **DENIED**.

Dated at Milwaukee, Wisconsin on March 17, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
